IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR K.,<br><br>Petitioner,<br><br>vs.<br><br>CHRISTOPHER CHESTNUT, *et al.*,<br><br>Respondents. | Civil No. 1:26-cv-09308-MWJS<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>A# 220-760-964 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Oleksandr K.[1] is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241, Dkt. No. 1, and motion for temporary restraining order, Dkt. No. 2. After Petitioner presented himself at a port of entry in October 2021, he was granted humanitarian parole under 8 U.S.C. § 1182(d)(5)(A). Dkt. No. 1, at pg. 1. Since then, Petitioner filed an affirmative asylum application, obtained employment authorization, and secured a California driver's license. *Id.* at pgs. 1 –2. He has no criminal history. *Id.* at pg. 2. Immigration authorities arrested and detained Petitioner on November 6, 2026, after they encountered him sitting in a parked car at a job site. *Id.*

---

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that his detention without a pre-deprivation hearing violated his due process rights. *Id.* at pgs. 9–12. Many district judges, both in this district and others, have granted relief in cases analogous to this one. *See, e.g.*, *Jose A.M.L. v. Wofford*, No. 1:26-cv-03478-MWJS, 2026 WL 1272459 (E.D. Cal. May 8, 2026); *Elisbel S.V. v. Chestnut*, No. 1:26-cv-03100-MWJS, 2026 WL 1246405 (E.D. Cal. May 5, 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025). The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an order to show cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior cases such as those listed above." Dkt. No. 5. The court appreciates Respondents' timely and candid response. Dkt. No. 6. In their response, Respondents acknowledge that "this matter is not substantively distinguishable from the prior orders referenced by the Court." *Id.* at pg. 1. Respondents further state that they do not intend to submit additional briefing, do not request a hearing, and do not oppose the court deciding the matter on the current papers. *Id.*

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to Count I, for the reasons stated in those prior orders. Because it is unnecessary to resolve the other counts in the petition, the court declines to do so.

Respondents are ORDERED to immediately release Petitioner Oleksandr K. (A# 220-760-964) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

Given the foregoing, Petitioner's motion for temporary restraining order, Dkt. No. 2, is DENIED as moot. The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED: November 16, 2026, at Honolulu, Hawai'i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge